STEVEN G. KALAR
Federal Public Defender
GABRIELA BISCHOF
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:     415.436.7700
Facsimile:      415.436.7706
Gabriela_Bischof@fd.org

Counsel for Defendant CRUZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JESSICA CRUZ,<br><br>        Defendant. | Case No. CR 19-649-SI<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: July 24, 2020<br>Time: 1 p.m.<br>Court: Hon. Judge Illston |

## INTRODUCTION

As recommended in the Presentence Report, a sentence of time-served is reasonable and appropriate given Jessica Cruz's personal circumstances and offense conduct. At 33, Ms. Cruz is facing her past trauma and resulting addiction head on. Although her recovery has not been linear, she completed a residential drug treatment program at the New Bridge Foundation, and is presently enrolled in residential treatment at Center Point. Further incarceration at this juncture would cripple Ms. Cruz's emerging rehabilitation and defeat the objectives of deterrence and protection of the public. Moreover, this is Ms. Cruz's first criminal conviction, and even the government concedes that her conduct "does not involve the same volume of drugs as other cases before the Court." Under these specific

1

circumstances and in consideration of all of the factors under 18 U.S.C. § 3553(a), Ms. Cruz requests that the Court sentence her to time-served to be followed by three years of supervised release with mandatory drug treatment.

## PROCEDURAL BACKGROUND

On December 5, 2019, Ms. Cruz was charged with three violations of of 21 U.S.C. §§ 841(a)(1), and (b)(1)(C); possession with intent to distribute methamphetamine (Count One), heroin (Count Two), and cocaine base (Count Three). After four weeks in custody, Ms. Cruz was ordered released on January 23, 2020, to attend residential treatment through New Bridge Foundation. Dckt. 13. Although she relapsed following her release, she reported to New Bridge on January 29 and worked hard to complete the rigorous program. While she was at New Bridge, Ms. Cruz ultimately pleaded guilty to all three counts of the indictment on February 28, 2020.[1] Dckt. 18.

In April 2020, she completed residential treatment at the New Bridge foundation and her transition to Options Recovery SLE was arranged. Unfortunately, she relapsed and withdrew from the SLE shortly after she arrived. Dckt. 21. She appeared for court and was admonished on May 1, 2020 and ordered to return to Options Recovery SLE, but the parties later learned that Options no longer had a spot for her. Dckt. 23. On May 8, 2020, Cruz disclosed drug use and failed to appear for a scheduled court hearing. Dckt. 26. A warrant was issued. Dckt. 27. Ms. Cruz was arrested on June 4, less than a month later, and returned to custody. Dckt. 44. The Court released Ms. Cruz to residential drug treatment on July 6, 2020. Dckt. 40. Her mother and brother, who are supportive of her recovery and hopeful for her future, picked her up at the jail and transported her to the all-women's program at Center Point, where she remains today.

---

[1] Ms. Cruz is bound by the guidelines set forth in the plea agreement. However, she submits that even if the Court accepts the government's higher proposed guidelines, a sentence of time-served still best achieves the sentencing objectives set forth in 18 U.S.C. § 3553(a). Ms. Cruz further notes that "extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply" exist, and post-offense rehabilitative efforts are evidence of acceptance of responsibility under the guidelines. §3E1.1, Application Notes 1(G) and 4.

**ARGUMENT**

In sentencing Ms. Cruz, this Court must consider all of the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2). Section 3553(a) also directs the Court to consider a number of additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7). Ms. Cruz has already served over two months in custody, which fulfills the retributive sentencing goals, and drug treatment and three years of probation supervision will fulfill the goals of deterrence, public safety, and rehabilitation.

1. <u>Ms. Cruz's History And Characteristics</u>[2]

Jessica Cruz was born in San Francisco. Her father abandoned the family when she was a toddler, and was dead of a heart attack by the time she was 10. To keep the family afloat, her mother worked long hours at a grocery store, leaving Jessica and her two brothers largely to their own devices in a bad neighborhood. In the eighth grade, she was the victim of a violent sexual assault, which triggered her drug addiction. She was labeled slow in school (although neither she nor her mother can remember why now), but despite missing the second half of eighth grade, managed to continue on and graduate from a specialized high school.

---

[2] Ms. Cruz's history and characteristics as well as the instant offense conduct were previously summarized in Ms. Cruz's bail motion, and are repeated here only for completeness.

She and both her siblings suffered from drug addiction. Her older brother, Enrique, has been successful in recovery since 2014. Her other brother still struggles and is presently homeless. Ms. Cruz can see the two roads laid out before her with unusual clarity. She has three sons, ages seven to 12, and she desires nothing more than to be with them and there for them. But desire does not perfectly translate to performance. Ms. Cruz grew up in a world populated with people who constantly reminded her, in a myriad of creative ways, that she was worthless. Her low self-esteem has made recovery from addiction an even greater challenge.

2. The Instant Offense

On November 13, 2019, SFPD officers observed Ms. Cruz holding drugs for a man. She handed him a sock she was holding, he took narcotics out of the sock, and then sold them to a customer. She put the sock back in her jacket. Officers approached, the man walked quickly away, never to be found, but Ms. Cruz was detained. There were five socks filled with individually wrapped narcotics on her person. The drugs were not weighed or tested, but the *gross* weights were 7.5 grams of heroin, 20.3 grams of methamphetamine, and 18.2 grams of cocaine base.

At the Tenderloin Police Station, slipped off her handcuffs and escaped. When the officer located her, she ran away from him but was eventually recaptured when she turned down a dead-end street. She was wearing a different jacket than the one she was arrested in. A burnt glass pipe with white haze throughout the pipe was found on her person.

3. A Sentence Of Time Served Would Be Sufficient But Not Greater Than Necessary To Achieve The Sentencing Goals Of § 3553(a)

Two months of incarceration is enough to meet the retributive goals under the statute. Ms. Cruz has been confined 23 hours per day, unable to reach friends and family, as Santa Rita Jail dealt with rising coronavirus infections, a disease to which Ms. Cruz is particularly vulnerable. Those conditions create an even more punitive environment than usual. Moreover, the separation from her sons has left an even greater impression. Her oldest son is aware that his mother is incarcerated, and the disappointment and pain she has caused him affected her profoundly.

A long sentence is not necessary to protect the public or deter Ms. Cruz from future criminal conduct. Although Ms. Cruz is 33-years-old and has suffered from a drug addiction for 20 of those years, her contact with law enforcement is sparse, resulting in a single noncriminal theft infraction over 15 years ago. This case also involves street-level dealing. If Ms. Cruz had engaged in such behavior more frequently, or over a longer period of time, she certainly would have been arrested for drug crimes before. Finally, the instant offense involves neither weapons nor violence, nor does it involve particularly large amounts of drugs or money, gang members, or other hallmarks of deeper involvement with a criminal enterprise.  Ms. Cruz's criminal conduct is directly attributable to her drug addiction, and treatment is the best way to prevent any danger she poses to society.

Finally, a time-served sentence provides for necessary "treatment in the most effective manner." Jails and prisons have been especially shaken by the COVID-19 pandemic. Beginning in April, the Bureau of Prisons suspended all in-person classes, including drug treatment, indefinitely. As of May, Santa Rita Jail, where Ms. Cruz would be housed indefinitely, has done the same. Visits from family and friends are also indeterminately disallowed. Ms. Cruz should not be removed from necessary treatment and family support at this critical point in her recovery.

## CONCLUSION

Ms. Cruz has the potential to be an involved parent and a positive influence on society and she deserves the opportunity that this Court can provide for her – the opportunity to recover. Considering the characteristics of her offense and her minimal criminal history, giving her this opportunity will not compromise public safety, it will enhance it. For all the reasons set forth above, Ms. Cruz respectfully requests that the Court sentence her to time-served, followed by three years of supervised release with mandatory drug treatment.

Dated: __July 17, 2020_____     Respectfully submitted,

_/s/_____
GABRIELA BISCHOF
Assistant Federal Public Defender